# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle, Sr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4570 | **DATE** | 7/23/2004 |
| **CASE TITLE** | Lake v. Leibach | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petitioner's § 2254

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  Lamonte Lake's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. Case terminated. See attached.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States of America *ex rel.*
LAMONTE LAKE,

    Plaintiff,

v.

BLAIR LEIBACH, Warden, Danville
Correctional Center,

    Defendant.

No. 03 C 4570

Honorable Charles R. Norgle

DOCKETED
JUL 2 7 2004

## OPINION AND ORDER

CHARLES R. NORGLE, District Judge

Before the court is Lamonte Lake's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, Lamonte Lake ("Lake" or "Petitioner"), challenges his state court conviction for first degree murder. For the reasons stated below, the petition is denied.

### I. BACKGROUND

After a jury trial in the Circuit Court of Cook County, Lake was convicted of first degree murder in the shooting death of Alvin Gilmore. On August 29, 1996, Lake was sentenced to a term of forty-five years in the Illinois Department of Corrections. On June 16, 1998, the Illinois Appellate Court, First District affirmed his conviction and sentence. See People v. Lake, 298 Ill. App. 3d 50, 697 N.E.2d 1147 (Ill. App. Ct. 1998). On December 2, 1998, the Illinois Supreme Court denied Lake's petition for leave to appeal. See People v. Lake, 181 Ill. 2d 581, 706 N.E.2d 500 (Ill. 1998). Lake did not seek a writ of certiorari in the United States Supreme Court.

Lake then filed a petition for post-conviction relief in the Illinois courts. On April 10, 2000, the Circuit Court of Cook County dismissed the petition for post-conviction relief as untimely and



for failing to raise any meritorious constitutional claims. On August 26, 2002, the Illinois Appellate Court, First District affirmed the dismissal of Lake's petition for post-conviction relief. On June 16, 2003, the Illinois Supreme Court denied Lake's petition for leave to appeal the dismissal of his petition for post-conviction relief.

On July 1, 2003, after direct review and post-conviction review within the State of Illinois, Lake filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in federal court. In his petition, Lake raised the following issues: (1) whether trial counsel was ineffective for failing to properly investigate, establish a competent defense and submit proper jury instructions; (2) whether jury instructions were proper; (3) whether the trial judge committed error in failing to excuse a member of the jury; (4) whether prosecutorial misconduct resulted in the denial of a fair trial; and (5) various other arguments that fail to raise a constitutional issue. On September 17, 2003, Respondent, Blair Leibach, Warden of the Danville Correctional Center, filed an answer to the § 2254 petition, arguing that the petition is untimely.

The petition is fully briefed and the issue before the court is whether Petitioner's post-conviction proceedings in the state court were properly filed so as to toll the one-year statute of limitations for § 2254 petitions.

## II. ANALYSIS

### A. Standard of Decision

Lake's petition is governed by 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which sets a high hurdle for habeas relief. Section 2244(d)(1) imposes a one-year statute of limitations on state prisoners seeking habeas corpus relief. See 28 U.S.C. § 2244(d)(1). The one-year statute of limitations imposed by section 2244(d)(1)(A)

begins to run (i) when all direct criminal appeals in the state system are concluded, followed by either completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) when, if certiorari was not sought, all direct criminal appeals in the state system are concluded, followed by the expiration of the time allotted for filing a petition for writ. See 28 U.S.C. § 2244(d)(1); Anderson v. Litscher, 281 F.3d 672, 675 (7th Cir. 2002).

The one-year statute of limitations imposed by section 2244(d)(1) may be tolled. Section 2244(d)(2) provides that the limitations period is tolled during the time that "a *properly filed* application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). As the Seventh Circuit has stated, "Congress explicitly required a 'properly filed' pleading to toll the statute of limitations." Gutierrez v. Schomig, 233 F.3d 490, 492 (7th Cir. 2000). "An application is 'properly filed' if its delivery and acceptance 'are in compliance with the applicable laws and rules governing filings.'" Gray v. Briley, 305 F.3d 777, 778-79 (7th Cir. 2002) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). In order to be "properly filed," an application for collateral review in state court must satisfy the state's timeliness requirements. See Carey v. Saffold, 536 U.S. 214, 226 (2002); Brooks v. Walls, 301 F.3d 839, 841 (7th Cir. 2002). "If the petitioner failed to comply with an adequate and independent rule of state procedure, and he cannot show cause and prejudice in connection with his failure to do so, then federal habeas corpus relief is not available." Gray, 305 F.3d at 779 (citing Stewart v. Smith, 536 U.S. 856, 860 (2002)).

### *B. Lake's § 2254 Petition is Untimely*

For purposes of calculating the limitation period, the court must determine when Lake's direct criminal appeals were, or would have been, concluded. Lake's petition for leave to appeal was

denied by the Illinois Supreme Court on December 2, 1998. Lake had until March 2, 1999 in which to seek a writ of certiorari in the United States Supreme Court, which he did not do. Therefore, the limitations period began to run on March 3, 1999. See 28 U.S.C. § 2244(d)(1) (providing that the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"); Anderson, 281 F.3d at 675.

Lake then filed a petition for post-conviction relief in the Illinois courts, which on April 10, 2000, the Circuit Court of Cook County dismissed as untimely and as unmeritorious. On August 26, 2002, the Illinois Appellate Court affirmed the dismissal of Lake's petition for post-conviction relief. On June 16, 2003, the Illinois Supreme Court denied Lake's petition for leave to appeal the dismissal of his petition for post-conviction relief.

The Circuit Court of Cook County clearly ruled that Lake's petition for post-conviction relief in the Illinois courts was untimely. See 725 Ill. Comp. Stat. 5/122-1(c) (2000) (discussing time period within which to file petition for post-conviction relief). The Illinois Appellate Court clearly affirmed that decision. However, the Circuit Court of Cook County also stated that Lake's petition for post-conviction relief in the Illinois courts failed to raise any meritorious constitutional claims, and its ultimate decision therefore rested on dual grounds. The United States Supreme Court addressed the question of dual grounds in Saffold, where it held that a clear ruling from the state court that a filing was untimely "would be the end of the matter, regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits." Saffold, 536 U.S. at 226. The Seventh Circuit, interpreting Saffold, has stated that "both aspects of a dual-ground decision (substance and procedure) must be respected, so that an untimely petition is not 'properly filed' even if the court also addresses the merits . . . ." Gray, 305 F.3d at 779; Brooks,

301 F.3d at 841.

Lake's petition for post-conviction relief in the Illinois courts was clearly dismissed as untimely according to Illinois procedural rules. Further, Lake does not attempt to establish cause and prejudice for failing to comply with Illinois procedural rules so as to allow the court to review this claim. See Gray, 305 F.3d at 779. Lake's petition for post-conviction relief in the Illinois courts was not "properly filed" in order to toll the one-year statute of limitations provided by the AEDPA. "It is enough to hold, as Saffold instructed, that an unambiguous dual-ground decision (untimeliness plus the merits) shows that the state application was not 'properly filed' for purposes of § 2244(d)(2) even if the issues were entangled." Brooks, 301 F.3d at 843. As such, this court is bound to respect the Circuit Court of Cook County and Illinois Appellate Court decisions ruling that it was filed too late, and this fact prohibits the court from considering the merits of Lake's federal habeas corpus petition.

### III. CONCLUSION

For the foregoing reasons, Lamonte Lake's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

IT IS SO ORDERED

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATED: 7-23-04